PAUL M. GLEASON (SBN: 155569)
TOREY JOSEPH FAVAROTE (SBN: 198521)
GLEASON & FAVAROTE, LLP
4014 Long Beach Blvd., Suite 300
Long Beach, California 90807
Telephone:    (213) 452-0510
Facsimile:    (213) 452-0514
tfavarote@gleasonfavarote.com

Attorneys for Defendant CoreCivic, Inc.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SAN DIEGO

**'17CV1140 GPC MDD**

| | |
|---|---|
| LEONY KET, an individual, | ) Case No. 37-2017-00013956-CU-OE-CTL |
| Plaintiff, | ) **DEFENDANT CORECIVIC INC.'S ANSWER TO PLAINTIFF LEONY KET'S COMPLAINT** |
| vs. | ) |
| CORECIVIC, INC. aka CORRECTIONS CORPORATION OF AMERICA, a Maryland Corporation; and DOES 1 through 20, inclusive, | ) |
| Defendants. | ) |
| | ) Action Filed:    December 28, 2016 |
| | ) Trial Date:      None |

Defendant CoreCivic, Inc. ("Defendant") hereby answers the Complaint, filed by plaintiff Leony Ket ("Plaintiff") in the above-captioned action, and admits, denies and aver as follows:

### GENERAL DENIAL

Pursuant to the provisions of Section 431.30(d) of the California Code of Civil Procedure, Defendant generally denies each and every purported allegation and cause of action contained in Plaintiff's Complaint, and further denies that Plaintiff has been damaged in any manner or amount at all.

Additionally, Defendant asserts the following affirmative defenses and prays for judgment as set forth below:

1.

## FIRST AFFIRMATIVE DEFENSE

1. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that the claims are barred, in whole or in part, by the applicable statute of limitations, including but not limited to Government Code sections 12960 and 12965 and California Code of Civil Procedure section 335.1.

## SECOND AFFIRMATIVE DEFENSE

2. As a separate and affirmative defense to Plaintiff's complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff's claims, are barred, in whole or in part, by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

3. As a separate and affirmative defense to Plaintiff's complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff has or had unclean hands with respect to the matters alleged in her complaint, and on that ground, is barred from recovering any relief on her complaint.

## FOURTH AFFIRMATIVE DEFENSE

4. As a separate and affirmative defense to Plaintiff's complaint and to every cause of action alleged therein, Defendant alleges that at all times relevant hereto, Plaintiff is barred from any recovery in this action because there were good and sufficient lawful causes and reasons for any alleged employment actions that affected Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

5. As a separate and affirmative defense to Plaintiff's complaint and to every cause of action alleged therein, Defendant alleges that the complaint fails to allege facts or claims sufficient to sustain the imposition of punitive damages against Defendant pursuant to California Civil Code section 3294.

## SIXTH AFFIRMATIVE DEFENSE

6. As a separate and affirmative defense to Plaintiff's complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff is not entitled to recovery based on the allegations in her complaint because Plaintiff failed to exhaust the internal grievance and/or

2.

DEFENDANT CORECIVIC INC.'S ANSWER TO PLAINTIFF LEONY KET'S COMPLAINT

arbitration procedures available to her.

## SEVENTH AFFIRMATIVE DEFENSE

7. As a separate and affirmative defense to Plaintiff's complaint and to every cause of action alleged therein, Defendant alleges that its conduct was a just and proper exercise of managerial discretion, undertaken for fair and honest reasons, comporting with good faith under the circumstances then existing, and was privileged and justified.

## EIGHTH AFFIRMATIVE DEFENSE

8. As a separate and affirmative defense to Plaintiff's complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff has failed to exhaust her administrative remedies.

## NINTH AFFIRMATIVE DEFENSE

9. As a separate and affirmative defense to Plaintiff's complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff is barred, in whole or in part, for the reason that, by her actions, Plaintiff is estopped from bringing any claim for relief against defendants.

## TENTH AFFIRMATIVE DEFENSE

10. As a separate and affirmative defense to Plaintiff's complaint and to every cause of action alleged therein, Defendant alleges that by her conduct, Plaintiff has waived any right to recover any relief by her complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

11. As a separate and affirmative defense to Plaintiff's complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff has failed to state a claim upon which relief can be granted.

## TWELFTH AFFIRMATIVE DEFENSE

12. As a separate and affirmative defense to Plaintiff's complaint and to every cause of action alleged therein, Defendant alleges that if Plaintiff sustained damages by reasons of the allegations in the complaint, which allegations are denied, Plaintiff's exclusive remedy for such damages are governed by the California Workers' Compensation Act. Cal. Labor Code §§ 3200, *et seq.* and §§ 3600, *et seq.*

DEFENDANT CORECIVIC INC.'S ANSWER TO PLAINTIFF LEONY KET'S COMPLAINT

## THIRTEENTH AFFIRMATIVE DEFENSE

13. As a separate and affirmative defense to Plaintiff's complaint and to every cause of action alleged therein, Defendant alleges that said complaint fails to allege facts sufficient to allow the recovery of attorneys' fees from Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. As a separate and affirmative defense to Plaintiff's complaint and to every cause of action alleged therein, Defendant alleges that if Plaintiff sustained damages by reason of the allegations in the complaint, which allegations are denied, then Plaintiff may not recover for such damages because by her own acts and omissions, she has failed to properly mitigate those damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

15. As a separate and affirmative defense to Plaintiff's complaint and to every cause of action alleged therein, Defendant alleges that the complaint and each cause of action alleged therein, is barred because Plaintiff was not a qualified individual with a disability.

## SIXTEENTH AFFIRMATIVE DEFENSE

16. As a separate and affirmative defense to Plaintiff's complaint and to every cause of action alleged therein, Defendant alleges that neither the complaint nor the purported causes of action alleged therein, state facts sufficient to place a duty on Defendant to reasonably accommodate Plaintiff's alleged disability.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17. As a separate and affirmative defense to Plaintiff's complaint and to every cause of action alleged therein, Defendant alleges that the complaint and the purported causes of action asserted therein, fail to state a cause of action because any accommodation for Plaintiff's purported disability would have resulted in an undue burden/hardship on Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18. As a separate and affirmative defense to Plaintiff's complaint and to each purported cause of action therein, Defendant alleges that at all times it acted without malice and with a good faith belief in the propriety of its conduct.

4.

DEFENDANT CORECIVIC INC.'S ANSWER TO PLAINTIFF LEONY KET'S COMPLAINT

## NINETEENTH AFFIRMATIVE DEFENSE

19. As a separate and affirmative defense to Plaintiff's complaint and to each purported cause of action contained therein, Defendant alleges that its employment practice was justified because Plaintiff was unable to safely and efficiently perform the job in question and because the essence of the business operation would otherwise be undermined.

## TWENTIETH AFFIRMATIVE DEFENSE

20. As a separate and affirmative defense to Plaintiff's complaint and to each purported cause of action contained therein, Defendant alleges that after reasonable accommodation has been made, Plaintiff could not perform the essential functions of the position in question in a manner which would not endanger her health and safety because the job imposes an imminent and substantial degree of risk to Plaintiff and the public.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21. As a separate and affirmative defense to Plaintiff's complaint and to each purported cause of action contained therein, Defendant alleges that after reasonable accommodation has been made, Plaintiff cannot perform the essential functions of the position in question in a manner which would not endanger the health or safety of others to a greater extent than if an individual without a disability performed the job.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22. As a separate and affirmative defense to Plaintiff's complaint and to each purported cause of action contained therein, Defendant alleges that Plaintiff's right to recovery is barred in whole or in part by the doctrine of After-Acquired Evidence.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23. As a separate and affirmative defense to Plaintiff's complaint and to each purported cause of action contained therein, Defendant alleges that there exists an overriding legitimate business purpose such that Defendant's business practice is necessary to the safe and efficient operation of the business and that the challenged practice effectively fulfills the business purpose it is supposed to serve, and there is no alternative practice which would accomplish the business purpose equally well with a lesser discriminatory impact.

DEFENDANT CORECIVIC INC.'S ANSWER TO PLAINTIFF LEONY KET'S COMPLAINT

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. As a separate and affirmative defense to Plaintiff's complaint and to each purported cause of action contained therein, Defendant alleges assuming *arguendo* that it did not engage in the interactive process, that it would have been futile to engage in the interactive process with Plaintiff because there were no accommodations available that would allow Plaintiff to return to work.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. As a separate and affirmative defense to Plaintiff's complaint and to each purported cause of action contained therein, Defendant alleges that it exercised reasonable care to prevent and promptly correct any harassing, discriminatory, or otherwise unlawful behavior.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26. As a separate and affirmative defense to Plaintiff's complaint and to each purported cause of action contained therein, Defendant alleges that all actions and conduct by Defendant about which Plaintiff complains would have been made or taken regardless of any discriminatory or harassing conduct alleged, and that all actions by Defendant about which Plaintiff complains were for just, fair, privileged, justified, non-harassing, non-discriminatory and legitimate business reasons.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27. As a separate and affirmative defense to Plaintiff's complaint and to each purported cause of action contained therein, Defendant alleges that it has no knowledge of any prior alleged harassing, retaliatory, discriminatory or otherwise unlawful behavior of any of its employees, agents, or representatives.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28. As a separate and affirmative defense to Plaintiff's complaint and to each purported cause of action contained therein, Defendant alleges that it is not liable for any acts of persons or entities outside of the course and scope of the employment of said persons or entities.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

29. As a separate and affirmative defense to Plaintiff's complaint and to each purported

DEFENDANT CORECIVIC INC.'S ANSWER TO PLAINTIFF LEONY KET'S COMPLAINT

cause of action contained therein, Defendant alleges that Plaintiff's claims are barred, in whole or in part, because her employment was employment at will, pursuant to California Labor Code section 2922.

### THIRTIETH AFFIRMATIVE DEFENSE

30.    As a separate and affirmative defense to Plaintiff's complaint and to each purported cause of action contained therein, Defendant alleges that, assuming *arguendo*, any conduct alleged by Plaintiff occurred, such conduct occurred without the knowledge, consent or ratification of Defendant.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

31.    As a separate and affirmative defense to Plaintiff's complaint and to each purported cause of action contained therein, Defendant alleges that if Plaintiff suffered any emotional distress (and Defendant denies that Plaintiff suffered any such distress), this emotional distress was proximately caused by factors other than Plaintiff's employment, the actions of Defendant, or anyone else acting on behalf of Defendant.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

32.    As a separate and affirmative defense to Plaintiff's complaint and to each purported cause of action contained therein, Defendant alleges that Plaintiff has obtained monies from other sources, and therefore any compensation and/or monies obtained by Plaintiff from Defendant or otherwise, must be set off against any damages allegedly due Plaintiff by Defendant.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

33.    As a separate and affirmative defense to Plaintiff's complaint and to each purported cause of action contained therein, Defendant alleges that Plaintiff's claims for damages are precluded to the extent those alleged damages are speculative.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

34.    As a separate and affirmative defense to Plaintiff's complaint and to each purported cause of action contained therein, Defendant alleges, assuming *arguendo,* that there was a violation of the Fair Employment and Housing Act and/or other violation of law, Plaintiff's claims remain barred, in whole or in part, because even without any said impermissible factor, all employment

7.

actions taken would have been taken due to work performance reasons and/or other legitimate, nonprohibited, and/or independent reason(s). Defendant herewith raises the "mixed-motive" defense.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

35. As a separate and affirmative defense to Plaintiff's Complaint and to each purported cause of action contained therein, Defendant alleges that if Plaintiff suffered any emotional distress (and Defendant denies that Plaintiff suffered any such distress), the conduct causing Plaintiff's emotional distress was not outrageous and the emotional distress was not severe.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

36. As a separate and affirmative defense to Plaintiff's Complaint and to each purported cause of action contained therein, Defendant alleges that assuming, *arguendo*, Plaintiff suffered any emotional distress, it was not the intent of Defendant, or any person acting on Defendant's behalf, to inflict such emotional distress on Plaintiff.

WHEREFORE, Defendant prays as follows:

1. That Plaintiff takes nothing by this action;

2. That the complaint be dismissed with prejudice;

3. That judgment be entered in favor of Defendant;

4. For costs of suit and for reasonable attorneys' fees incurred by Defendant; and

5. For such other and further relief as the Court deems just and proper.

Dated: June 6, 2017

GLEASON & FAVAROTE LLP
PAUL M. GLEASON

By: _____
Paul M. Gleason

Attorneys for Defendant CoreCivic, Inc.

8.
DEFENDANT CORECIVIC INC.'S ANSWER TO PLAINTIFF LEONY KET'S COMPLAINT

**PROOF OF SERVICE**

I, Linda Gardea, declare:

I am and was at the time of the service mentioned in this declaration, employed in the County of Los Angeles, California. I am over the age of 18 years and not a party to the within action. My business address is Gleason & Favarote, LLP, 4014 Long Beach Blvd., Suite 300, Long Beach, CA 90807.

On June 6, 2017, I served a copy(ies) of the following document(s):

**DEFENDANT CORECIVIC INC.'S ANSWER TO PLAINTIFF LEONY KET'S COMPLAINT**

on the parties to this action by placing them in a sealed envelope(s) addressed as follows:

| Attorney | Party(ies) Served | Method of Service |
|---|---|---|
| Ronald A. Marron. William B. Richards, Jr. LAW OFFICES OF RONALD A. MARRON, APC 65 Arroyo Drive San Diego, CA 92103 Tel: (619) 696-9006 Fax: (619) 564-6665 ron@consumeradvocates.com bill@consumeradvocates.com | Attorneys for Plaintiff LEONY KET | First Class Mail |

☒ **[BY MAIL]** I placed the sealed envelope(s) for collection and mailing by following the ordinary business practice of Gleason & Favarote, LLP, Long Beach, California. I am readily familiar with Gleason & Favarote, LLP's practice for collecting and processing of correspondence for mailing with the United States Postal Service, said practice being that, in the ordinary course of business, correspondence with postage fully prepaid is deposited with the United States Postal Service the same day as it is placed for collection.

☐ **[BY OVERNIGHT COURIER]** I caused the sealed envelope(s) to be delivered by a commercial courier service for overnight delivery to the offices of the addressee(s).

☐ **[BY HAND]** I directed the sealed envelope(s) to the party(ies) so designated on the service list to be delivered by Ace Attorney Service, Inc. this date.

☐ **[BY FACSIMILE TRANSMISSION]** I caused said document to be sent by facsimile transmission to the fax number indicated for the party(ies) listed above.

☐ **[BY ELECTRONIC TRANSMISSION]** I caused said document to be sent by electronic transmission to the e-mail address indicated for the party(ies) listed above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct, and that this declaration was executed on June 6, 2017, at Long Beach, California.

_____
Linda Gardea

1.
**PROOF OF SERVICE**

**PROOF OF SERVICE**

I, Linda Gardea, declare:

I am and was at the time of the service mentioned in this declaration, employed in the County of Los Angeles, California. I am over the age of 18 years and not a party to the within action. My business address is Gleason & Favarote, LLP, 4014 Long Beach Blvd., Suite 300, Long Beach, California 90807.

On June 7, 2017, I served a copy(ies) of the following document(s):

**NOTICE OF REMOVAL**

on the parties to this action by placing them in a sealed envelope(s) addressed as follows:

| Attorney | Party(ies) Served | Method of Service |
|---|---|---|
| Ronald A. Marron, Esq. William B. Richards, Jr., Esq. LAW OFFICES OF RONAL A. MARRON, APC 651 Arroyo Drive San Diego, CA 92103 Tel: (619) 696-9006 Fax: (619) 564-6665 | Counsel for Plaintiff, Leony Ket | First Class Mail |

☒ **[BY MAIL]** I placed the sealed envelope(s) for collection and mailing by following the ordinary business practice of Gleason & Favarote, LLP, Los Angeles, California. I am readily familiar with Gleason & Favarote, LLP's practice for collecting and processing of correspondence for mailing with the United States Postal Service, said practice being that, in the ordinary course of business, correspondence with postage fully prepaid is deposited with the United States Postal Service the same day as it is placed for collection.

☐ **[BY OVERNIGHT COURIER]** I caused the sealed envelope(s) to be delivered by a commercial courier service for overnight delivery to the offices of the addressee(s).

☐ **[BY CM/ECF SYSTEM]** I caused the above-referenced document(s) to be sent by electronic transmittal to the Clerk's Office using the CM/ECF System for filing which generated a Notice of Electronic Filing to the CM/ECF registrants in this case.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and this declaration was executed on June 7, 2017, at Long Beach, California

_____
Linda Gardea

1
**PROOF OF SERVICE**